## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

SUSAN LYNNE BLACK, *et al.*,            :

              Plaintiffs,            :            Case No. 3:11cv00065

 vs.            :            District Judge Walter Herbert Rice
                                        Magistrate Judge Sharon L. Ovington

DONALD BEWS, *et al.*,            :

              Defendants.            :

## REPORT AND RECOMMENDATIONS[1]

### I.      Introduction

This matter is before the Court on Defendants' motion to dismiss for lack of personal jurisdiction (Doc. # 11); Plaintiffs' memorandum in opposition (Doc. #12); Defendants' reply (Doc. #13); and the record as a whole.

### II.      Procedural and Factual Background/The Parties' Claims

On February 15, 2011, Plaintiffs Susan and Michael Black, a married couple, together with Plaintiff Trails End Equestrian Center, LLC ["Trails End"], a business owned by the Blacks, filed a complaint in the Court of Common Pleas

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

of Montgomery County, Ohio, against Defendants Donald Bews and Warren Gibson, Ltd ["WG, Ltd."].  (Doc. # 2).  The complaint alleges that on December 7, 2009, Plaintiff Susan Black was transporting Obsidian, a champion horse owned by Plaintiff Trails End, in Ontario, Canada, when her vehicle was struck by a tractor trailer operated by Defendant Bews, acting as Defendant WG, Ltd.'s agent.  (*Id.* at ¶¶9-10).  Setting forth claims for negligence, negligent entrustment, and loss of consortium (*id.* at ¶¶18-28), Plaintiffs seek reimbursement of medical expenses incurred due to injuries to both Susan Black and Obsidian in that accident, as well as damages for Susan Black's pain and suffering; Michael Black's loss of consortium; and Trails End's loss of business revenues, income, and the value of Obsidian, who no longer is able to compete.  (*Id.* at ¶¶29-33).

On March 8, 2011, Defendants filed a notice removing the action from the state court to this Court.  (Doc. #1).  Noting that all Plaintiffs are residents of Ohio, all Defendants reside in Canada, and the underlying accident occurred in Canada (*id.* at ¶¶3-6; *see also* Doc. #2 at ¶¶1-4, 7), Defendants urge that complete diversity of citizenship exists between the opposing parties, giving this Court jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. #1 at ¶13).

On June 22, 2011, Defendants Bews and WG, Ltd. jointly moved to dismiss Plaintiff's complaint for lack of personal jurisdiction over them.  (Doc. #11).

Urging that this action's "only connection with the State of Ohio is the residence of the Plaintiffs" (*id.* at 2), Defendants argue that Ohio's applicable long-arm statute provides no valid basis for this Court to exercise personal jurisdiction over these Defendants. (*Id.* at 3-8). Additionally, they contend that subjecting them to this Court's jurisdiction would violate their right to due process of law. (*Id.* at 8-9). Accordingly, Defendants assert that dismissal of Plaintiff's complaint for lack of personal jurisdiction over Defendants is warranted. (*Id.* at 9).

In opposing Defendants' motion, Plaintiffs maintain that Defendants' "significant business ties and affiliation to the State of Ohio" constitute a proper basis for this Court to assume jurisdiction over Defendants. (Doc. #12 at 3). To establish that jurisdiction is proper under Ohio Rev. Code § 2307.382(A)(1) and/or (4), Plaintiffs rely in part on a website and marketing materials used by Defendant WG, Ltd., which indicate that Ohio is in that company's "primary service area." (*Id.* at 4; *see* Doc. #2, Exh. 1). From such indicia, Plaintiffs infer that Defendants conduct "regular and reliable business operations in Ohio" (*id.*), which Plaintiffs assert is sufficient to subject Defendants to this Court's jurisdiction. (*Id.* at 5-6).[2] Finally, Plaintiffs argue that "Defendants' extensive

---

[2]Although Plaintiffs consistently refer to Defendants collectively, as though their situations are indistinguishable for purposes of personal jurisdiction, the Court notes that the record does not support such a presumption, given Defendant WG, Ltd.'s corporate status vs. Defendant Dews' alleged individual agent status. (*See* Doc. #2). However, given this Court's conclusion, *infra*, that <u>neither</u> is subject to personal jurisdiction in Ohio re the instant cause of

3

movement into and throughout Ohio and their marketing to clients and for

business in Ohio" constitute a substantial enough connection to the state that the

exercise of jurisdiction here would not offend the Due Process Clause.  (*Id.* at 8-9).

Terming Plaintiffs' position "without merit" (Doc. #13 at 1), Defendants'

reply asserts that merely doing business in Ohio cannot satisfy the state long-arm

statute's requirement that the subject cause of action arise from the forum-state

activities of the non-resident defendants as to whom jurisdiction is sought.  (*Id.* at

1-4).  Moreover, they argue that "[a]n automobile accident which occurred

wholly within another forum . . . does not have a . . . substantial connection" for

purposes of satisfying due process concerns.  (*Id.* at 4-5).  Defendants thus ask

that their motion be granted.  (*Id.* at 5).

## III.    Applicable Law

Lack of personal jurisdiction is a valid ground for moving to dismiss a

complaint.  *See* Fed. R. Civ. P. 12(b)(2).  On a motion to dismiss under Rule

12(b)(2), the non-moving party bears the burden of proving that jurisdiction

exists.  *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006) (citing *CompuServe,*

*Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996)).  In order to satisfy that

burden of proof in the absence of an evidentiary hearing, a plaintiff need make

---

action, the legal significance of Defendants' differing status has not been fully explored herein.

only a *prima facie* showing that jurisdiction exists. *Id.* The reviewing court must

consider the pleadings and affidavits in the light most favorable to the plaintiff.

*See id.*

In a diversity action, the law of the forum state – in this instance, Ohio – is

to be applied to determine whether or not personal jurisdiction exists. *See*

*Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). In accordance with

federal law, personal jurisdiction exists over a defendant in a diversity action

when: (1) the law of the forum state authorizes the exercise of personal

jurisdiction, and (2) the exercise of personal jurisdiction comports with the Due

Process Clause. *Compuserve*, 89 F.3d at 1262; *see also Calphalon*, 228 F.3d at 721;

*Signom v. Schenck Fuels, Inc.*, No. C-3-07-037, 2007 WL 1726492, at *1 (S.D. Ohio

June 13, 2007) (Rose, J.).

## IV. Analysis

In this case, all parties agree that the personal jurisdiction issue is governed

by Ohio's long-arm statute. (*See* Doc. #11 at 4; Doc. #12 at 3). That statute

provides as follows, in pertinent part:

> (A) A court may exercise personal jurisdiction over a
> person who acts directly or by an agent, as to a cause of
> action arising from the person's:
>
> (1) Transacting any business in this state;
>
> (2) Contracting to supply services or goods

5

in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

* * *

(C)    When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Ohio Rev. Code § 2307.382.

Plaintiffs argue that personal jurisdiction over Defendants in this action exists pursuant to subsections(A)(1) and (A)(4) of Ohio Rev. Code § 2307.382.[3] (*See* Doc. #12 at 5-6).  This Court will address the parties' specific contentions in the separate analyses of those subsections that follow.

## A.    Ohio Rev. Code § 2307.382(A)(1)

Ohio Rev. Code § 2307.382(A)(1) permits this Court to "exercise personal jurisdiction over a person" as to a cause of action arising from that person's

---

[3]Significantly, Plaintiffs do <u>not</u> allege that "general jurisdiction" exists in this case.  (*See* Doc. #12 at 6).

"[t]ransacting any business in this state."  Averring that "[t]his standard is clearly met by the Defendants' own internet advertising" (Doc. #12 at 5; *see* Doc. #2, Exh. 1), Plaintiffs assert that Defendants' operation of an international trucking business that both services Ohio and was involved in the accident that caused Plaintiffs' losses is enough to satisfy subsection (A)(1)'s requirements.  (*Id.* at 5-6). Plaintiffs' confidence in that result, however, lacks support in existing law.

In order to satisfy Section 2307.382(A)(1), Plaintiffs must show not merely that Defendants transact business in Ohio, but also that Plaintiffs' cause of action arose from Defendants' business transactions in this state.  *See Brunner*, 441 F.3d at 464; *see also Signom*, 2007 WL 1726492, at *4 ("personal jurisdiction does not exist where the circumstances which may have caused the injury are unrelated to the conduct of business in Ohio").  Assuming *arguendo* that the evidence proffered by Plaintiffs suffices to demonstrate that Defendants transact business in Ohio, Plaintiffs nonetheless have failed to show how the accident underlying their cause of action "arose from" Defendants' business undertakings here.  The Sixth Circuit has held that the "arising from" clause of Ohio's long-arm statute "requires a 'proximate cause' relationship between a plaintiff's personal injury claim and the defendant's conduct in Ohio."  *Brunner*, 441 F.3d at 465-66 (citing, *inter alia*, *Goldstein v. Christiansen*, 638 N.E.2d 541 (Ohio 1994)). Beyond offering

Defendants' website advertisement stating that Ohio falls within Defendants' primary service area (*see* Doc. #2, Exh. 1), Plaintiffs have brought forth no evidence to support the proposition that Defendants' alleged business activity in Ohio was a proximate cause of the accident at issue.

Instead of presenting authority that supports their own position, Plaintiffs resort to questioning the proper interpretation of one of the cases cited by Defendants, arguing that "the tie between the business association and the injurious activity" in *Fastway Fasteners, Inc. v. Moeller Sales Co.*, C.A. No. 2547, 1977 WL 198996 (Ohio App. Aug. 31, 1977), was "dubious."  (Doc. #12 at 5; *see* Doc. #11 at 5-6)  That criticism, however valid or invalid, does not substantiate the existence of personal jurisdiction over Defendants in this case.  Indeed, to this Court, any connection between Defendant WG, Ltd.'s business dealings in Ohio and the accident involving Susan Black in Canada appears to even more "dubious."  Plaintiffs offer nothing to suggest that Defendants' truck was involved in that accident while engaged in activities related to WG, Ltd.'s business in Ohio.  Consistent with two other decisions cited by Defendants, the mere fact that a truck in Canada with no established nexus to Ohio happened to collide with a vehicle occupied by an Ohio resident is not enough to support an exercise of personal jurisdiction over the Canadian Defendants under subsection

(A)(1).

In *Coleman v. Chen*, an Ohio resident was injured while staying at a Holiday Inn in California as part of a trip package promoted in Ohio. 712 F. Supp. 117, 117-19 (S.D. Ohio 1988) (Rice, J.) (cited with approval in *Brunner*, 441 F.3d at 466). Considering the plaintiff's attempt to maintain an action in this Court pursuant to Section 2307.382(A)(1)'s personal jurisdiction provisions against the non-Ohio resident franchisees of the California hotel, District Judge Walter H. Rice first noted that the Ohio courts have been reluctant to base personal jurisdiction on the "mere solicitation" of business. *Id.* at 122. Moreover, Judge Rice noted that the circumstances that may have caused that plaintiff's injuries were "unrelated to [any] solicitation" of business by the defendants; "Plaintiff's injury did not arise from Defendant[s'] advertising, but (allegedly) from the condition of the [hotel's] parking lot." *Id.* (parenthetical in original). Similarly, in the case now before this Court, Plaintiffs' injuries arose not from Defendants' purported conduct of business in Ohio, but from Defendant Bews' allegedly negligent or reckless operation of a tractor trailer in Canada.

The facts in *Brunner v. Hampson* bear an even closer resemblance to the circumstances of the present case. *See* 441 F.3d 457. That case involved Ohio plaintiffs who had filed a federal diversity action for negligence and loss of

consortium against Canadian defendants that through an agent had solicited business in Ohio and organized a camping trip for Ohio residents. *Id.* at 458-59, 466. The plaintiffs were injured as the result of an explosion and fire that occurred during that trip. *Id.* at 458-59. There, "even though the [plaintiffs'] decision to go to Canada in the first place presumably resulted from [the Canadian defendants'] solicitations in Ohio," *id.* at 466, the appellate court found that the defendants' solicitation of business in Ohio was not the proximate cause of the injuries sustained by the plaintiffs, and thus dismissed the complaint against the defendants for lack of personal jurisdiction consistent with Ohio Rev. Code § 2307.382(A)(1)'s requirements. *Id.* at 467.[4]

As the foregoing case law illustrates, any business contacts that Defendants may have had with Ohio cannot be construed to have been the proximate cause of Plaintiffs' injuries, and Plaintiffs' cause of action against Defendants therefore cannot be said to have arisen from those business contacts. Accordingly, this Court lacks personal jurisdiction over Defendants under Ohio Rev. Code § 2307.382(A)(1).

---

[4]Although not cited by Defendants, *see also Cruz v. Kentucky Action Park, Inc.*, 950 F. Supp. 210 (N.D. Ohio 1996) (cited with approval in *Brunner*, 441 F.3d at 466). There, the Ohio plaintiff had been injured on a slide at a Kentucky amusement park. *Cruz*, 950 F. Supp. at 212. Despite evidence that the park promoted itself in Ohio, the Ohio federal court found "[t]he connection between the Defendant's mere solicitation and the Plaintiff's alleged injuries" to be "too tenuous" to justify asserting jurisdiction under Ohio's long-arm statute. *Id.* at 214.

### B.    Ohio Rev. Code § 2307.382(A)(4)

Alternatively, Plaintiffs suggest that personal jurisdiction exists as to

Defendants under Subsection (A)(4) of Ohio's long-arm statute (Doc. #12 at 5-6),

whereby this Court may exercise personal jurisdiction over a person as to a cause

of action arising from that person's

> [c]ausing tortious injury in this state by an act or
> omission outside this state if he regularly does and
> solicits business or engages in any other persistent
> course, or derives substantial revenue from goods used
> or consumed or services rendered in this state."

Ohio Rev. Code § 2307.382(A)(4).  As Defendants aptly note (Doc. #12 at 6), a

critical requirement under that subsection is that the injury have occurred in

Ohio.  *See Oasis Corp. v. Judd*, 132 F. Supp.2d 612, 621 (S.D. Ohio 2001) (Marbley,

J.) (subsection (A)(4) of Ohio Rev. Code § 2307.382 "require[s] that the tortious

injury occur in Ohio"); *Coleman,* 712 F. Supp. at 119 (recognizing that Ohio Rev.

Code § 2307.382(A)(4) does not apply because "it is not alleged that Defendants

caused any tortious injury in Ohio").

The requirement of an injury occurring "in this state" notwithstanding,

Plaintiffs cite two cases as support for their contention that jurisdiction as to these

Defendants is proper under Section 2307.382(A)(4).  (*See* Doc. #12 at 5-6).  The

Court finds neither to be apposite here.  Plaintiffs summarize the first case as

holding "that simple actions unrelated to the [d]efendants' business functions

were not enough to confer 'tortious injury in the state'." (*Id.* at 5) (citing *Enquip Tech. Group, Inc. v. Tycon Technoglass, S.r.l.*, No. 2010-CA-23, 2010 WL 5123395 (Ohio App. Dec. 10, 2010)). Without further explication, Plaintiffs then advance *Enquip* as authority for this seemingly <u>inverse</u> proposition:

> the fact that the Defendants' primary business is
> trucking and the subject accident involved . . . one of
> their trucks, even while not in Ohio, mandates that this
> [C]ourt consider [Ohio Rev. Code] § 2307.283(A)(4)
> satisfied and find proper personal jurisdiction to hear
> this case.

(*Id.* at 5-6). Plaintiffs' leap of logic to that effect does not appear to be supported by anything within the *Enquip* decision, and indeed runs <u>contrary</u> to other decisions considered persuasive by this Court. *See Oasis Corp.*, 132 F. Supp.2d at 621; *Coleman*,712 F. Supp. at 119.

Neither is Plaintiffs' argument in that regard supported by the second case they cite. (*See* Doc. #12 at 6). In that case, the Ohio appellate court found that a non-Ohio defendant was "not amenable to the trial court's jurisdiction under subsection (A)(4)" since the particular cause of action at issue there "d[id] not arise from the transaction of business in Ohio." *Fastway Fasteners*, 1977 WL 198996, at *4. That court then continued, acknowledging that

> [a]lthough Ohio courts and federal courts sitting in Ohio
> may assert jurisdiction over [a] nonresident defendant
> in connection with [a] <u>business</u> <u>tort</u> claim where such
> defendant has merely transacted business within Ohio,

> **exercise of jurisdiction would not be proper unless
> [the] particular cause of action arose from transaction
> of that business.**

*Id.* (bold in original, underlining added) (citations omitted).  Although Plaintiffs

aver that a lack of a direct causal relationship between the business activity and

the cause of action "does not exist in the case at bar," they do not support that

bold assertion with any explanation as to how the accident in Canada might be

deemed causally connected to Defendant WG, Ltd.'s business dealings in Ohio.

(*See* Doc. #12 at 6).  As such, the 1977 holding in *Fastway Fasteners* lends little

credence to Plaintiffs' position regarding a non-business tort.

Later cases further illuminate this question and strongly support

Defendants' contrary stance.  In *Robinson v. Koch Ref. Co.*, for example, Ohio

residents filed suit against an out-of-state company for loss of consortium and

other claims stemming from exposure to gas oil in Illinois.  No. 98AP900, 1999

WL 394512 (Ohio App. June 17, 1999).  The Ohio appellate court stated

unequivocally that "a tortious injury is not considered to have occurred in Ohio

simply because a party continued to suffer from the effects of the injury after

returning to Ohio."  1999 WL 394512, at *4.  Agreeing "that [the] appellants'

injuries did not occur in Ohio," that court held that Ohio Rev. Code §

2307.382(A)(4) did not confer personal jurisdiction over the non-resident

defendants.  *Id.*

Given that the instant action sets forth claims for negligence, negligent entrustment, and loss of consortium rather than breach of contract or business tort (*see* Doc. # 2), *Robinson* seems more applicable than *Fastway Fasteners* to the case at hand.  Although Plaintiffs may have suffered harm in Ohio in terms of persisting physical injuries and/or continuing financial losses, such harm is not synonymous with being <u>injured</u> in Ohio.  For these reasons, Ohio Rev. Code § 2307.382(A)(4) is not satisfied, and this Court does not have personal jurisdiction over Defendants based on that provision.

## C.  The Due Process Clause

Having found that Ohio's long-arm statute does not confer personal jurisdiction, this Court need not address the additional question of whether exercising jurisdiction under these circumstances would violate Defendants' right to due process of law.  The Court nonetheless notes for the record that the Ohio-related activities attributed to Defendants in Plaintiffs' complaint and opposing memorandum (*see* Doc. ##2, 12) would not seem to satisfy the minimum contacts standard necessary to pass constitutional muster.  *See, e.g., Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 430 (6th Cir. 2006) ("Under a constitutional analysis, our central inquiry is 'whether minimum contacts are satisfied so as not to offend traditional notions of fair play and substantial justice'.") (quoting *Calphalon Corp.*, 228 F.3d at 721); *Burger King Corp. v.*

14

*Rudzewicz*, 471 U.S. 462, 475 (1985); *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401

F.2d 374, 381 (6th Cir. 1968).  Plaintiffs' effort to invoke this Court's jurisdiction as

to these Defendants thus would fail for this additional reason.

**IT THEREFORE IS RECOMMENDED THAT**:

1.    Defendants' motion to dismiss for lack of
      personal jurisdiction (Doc. # 11) be GRANTED;
      and,

2.    This matter be TERMINATED on the docket of
      this Court.

August 5, 2011                                    ___s/Sharon L. Ovington____
                                                       Sharon L. Ovington
                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen [14] days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen [17] days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C),(D),(E), or (F). Such objections shall specify the portions of the report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen [14] days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

16